STATE OF NEBRASKA, APPELLEE, V. RICKY J. COSTANZO, APPELLANT.

279 N. W. 2d 404

Filed May 29, 1979.  No. 42303.

Anthony S. Troia of Troia Law Offices, P. C., for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

After a jury trial in the District Court, the defendant was convicted of the crime of robbery and sentenced to imprisonment for a term of 5 to 7 years in the Nebraska Penal and Correctional Complex. Defendant appeals. We affirm.

On appeal the defendant assigns a single error; that the evidence was insufficient to warrant the jury finding the defendant guilty beyond a reasonable doubt of the crime charged.

In a criminal action, this court will not interfere with a verdict of guilty unless, as a matter of law, the evidence is so lacking in probative force that it is insufficient to support a finding of guilt beyond a reasonable doubt.

"The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such a conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt." State v. Journey, 201 Neb. 607, 271 N. W. 2d 320.

Irene Majeed, a clerk at a 7-Eleven Food Store at 1502 South 60th Street, Omaha, was alone in the store at approximately 1 a.m., on May 30, 1978. Two white male youths came into the store. Mrs. Majeed did not see the faces of the youths as they entered. The youths turned the corner of the counter and confronted Mrs. Majeed. At that time, she noticed that the taller youth had a nylon stocking over his head and the shorter youth had a shirt pulled up to conceal his face. The shorter one held a knife and forced the victim into a back room, while the taller one took money from the cash register. In addition to currency, the robber took a number of quarters from the register, some of which dropped to the floor as the robbers ran from the store. Mrs. Majeed estimated the number of quarters to be less than $13 or $14. Mrs. Majeed immediately called the Omaha police. Three cruisers responded. Officer Larry Lutton heard the call at 1:10 a.m., and proceeded to the store, determined that the suspects had left, and searched the area. The officer found two shirts and part of a nylon stocking. One of the shirts was identified as belonging to one of the robbers. On examination, two human hairs were found in the stocking mask and, by stipulation, the State laboratory serologist testified: "The hair of Ricky Constanzo [sic] was microscopically similar to the

hairs in Exhibit #1 and they could have come from a common source."

Officer John Wilson, also a cruiser officer, heard the call about 1:10 a.m. At that time he was at 55th and Center Streets in Omaha. He testified he anticipated the escape route. "I figured they might go west." He knew the suspects were two Caucasian males. At approximately 63rd and Center Streets, he observed an automobile traveling at a relatively high rate of speed with two white males inside it, who appeared "nervous." Officer Wilson also noticed the vehicle had an unlighted taillight. He pursued and stopped the car. He observed that the parties had on shirts similar to the description given him. A knife was found on the defendant's companion, Ralph Costanzo, which was subsequently identified by Mrs. Majeed as similar to the knife used in the robbery. A large quantity of quarters was found on the floor of the car on the passenger side. The suspects were taken back to the store and Mrs. Majeed told the officers the Costanzos "could possibly be the suspects" and that they were the "same height and size."

After arrest, the Costanzos were subject to a more complete search. A quantity of currency was found inside the underwear briefs of Ralph Costanzo.

Counsel on appeal draws our attention to the fact that, in her first report to the police, Mrs. Majeed stated the robbers were 5 feet 5 inches and 5 feet 8 inches tall when, in fact, the defendant, the taller of the suspects, was 6 feet 2 inches tall.

The defendant did not testify. It is obvious that, in view of the overwhelming evidence, the jury was amply justified in returning the verdict it did.

The judgment and sentence are affirmed.

AFFIRMED.